IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE TATUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-CV-456-KFP |
| ) | |
| MARTIN J. O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Stephanie Tatum, seeks judicial review of the Social Security Administration's decision denying her application for Disability Insurance Benefits and Supplemental Security Income. The undersigned concludes, based on review and consideration of the record, briefs, applicable regulations, and caselaw, this matter is due to be REVERSED and REMANDED to the Commissioner for further consideration.

**I.    STANDARD OF REVIEW**

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope is limited to determining whether substantial evidence in the record as a whole supports the Commissioner's decision and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec. Admin.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is more than a scintilla but less than a preponderance. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner and, even if the evidence

preponderates against the Commissioner's factual findings, the Court must affirm if the decision is supported by substantial evidence. *Winschel*, 631 F.3d at 1178; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II.     FACTUAL BACKGROUND

Tatum was 47 years old when the Administrative Law Judge ("ALJ") rendered a decision finding her not disabled. R. 63. Tatum has a twelfth-grade education and has previously worked as a short order cook, cashier, sales clerk, cook helper, and sandwich maker. R. 81–82, 388; Doc. 10 at 2. On September 20, 2020, Tatum filed an application for a period of disability and disability insurance benefits and an application for supplemental security income. R. 36, 293. These claims were denied initially on July 21, 2021, and upon reconsideration on October 28, 2021. On September 1, 2022, the ALJ held a hearing by telephone. R. 63–86. The ALJ issued an unfavorable decision on November 16, 2022, finding Tatum not disabled. R. 33. Tatum then filed a Request for Review of Hearing Decision, and on May 2, 2023, the Appeals Council adopted the ALJ's decision, finding Tatum not disabled (R. 6), making the decision ripe for judicial review. *See* 42 U.S.C. § 405(g).

## III.    THE ALJ'S DECISION

The ALJ determined Tatum has severe impairments of obesity, chronic obstructive pulmonary disease (COPD), major depressive disorder, and generalized anxiety disorder but that she does not meet the Listing of Impairments in 20 C.F.R § 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 39. The ALJ also determined Tatum has the residual functional capacity ("RFC") to

perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a):

> She can never climb ladders, ropes, scaffolds. She can occasionally climb ramps, stairs, stoop, and kneel, but she can never crouch or crawl. She would need to avoid all exposure to fumes, odors, dust, gases, pulmonary irritants, extreme temperatures of heat, and can only work in environments that are climate controlled. She would need to avoid all exposure to moving dangerous machinery and unprotected heights. She would be limited to unskilled work defined as simple, routine tasks, involving simple short work instructions, simple work-related decisions, and have few workplace changes. She could have routine supervision, but she could only have occasional interaction with coworkers and the general public.

R. 41. Tatum is unable to perform any past relevant work. R. 46. Considering Tatum's age, education, work experience, and RFC, the ALJ found there were other jobs in the national economy that Tatum could perform, such as a table worker, cutter/paster, and addresser. R. 47. Accordingly, the ALJ found that Tatum had not been under a disability from her alleged onset date of September 9, 2020, through the date of the ALJ's decision on November 16, 2022. *Id*.

## IV.   DISCUSSION

Tatum presents three arguments for review: (1) the Commissioner improperly relied on the vocational expert's responses to incomplete hypothetical questions; (2) the Commissioner erred as a matter of law by failing to properly evaluate Tatum's need for a cane and failing to make an explicit determination on whether her cane usage was

medically necessary; and (3) the ALJ erred in her evaluation of Tatum's statements regarding the nature and limiting effects of her symptoms.[1] Doc. 10 at 1.

Tatum argues that the ALJ erred when she proposed a hypothetical RFC to the VE that was less restrictive than the RFC found in the ALJ's decision. Doc. 10 at 9; R. 9, 83. In the RFC, the ALJ found that Tatum "[w]ould need to avoid all exposure to fumes, odors, dust, gases and pulmonary irritants." R. 11. The hypothetical posed to the VE asked about a hypothetical individual that "should avoid all exposure to concentrated fumes, odors, dust, gases," and "[a]ny type of pulmonary or respiratory irritant in concentrated form." R. 83. This distinction is important, according to Tatum, because the Commissioner did not qualify the fumes, odors, gas, and pulmonary irritants that Tatum must avoid in her RFC. Doc. 10 at 9. The hypothetical posed to the VE asked about an individual who could not be around *concentrated* fumes, odors, dust, gas, and pulmonary irritants. Accordingly, the VE did not provide testimony on whether any jobs would be available to an individual that needs to avoid all exposure to *unconcentrated* and *concentrated* fumes, odors, dust, gas, and pulmonary irritants. Thus, Tatum asserts, the VE's testimony cannot provide the substantial evidence necessary to support the Commissioner's RFC finding. Additionally, Tatum argues that it would be difficult to find any employment that has no exposure to any fumes, odors, dust, gas, and pulmonary irritants.

In response, the Commissioner contends that any error made by the ALJ was harmless because the jobs identified by the VE were not significant for pulmonary irritants

---

[1] Because the Court finds that Tatum's first argument demonstrates the ALJ committed reversable error, the Court declines to reach the merits of the remaining arguments raised by Tatum on appeal.

exposure and, according to the DOT, tasting/smelling and exposure to toxic caustic chemicals is not present in the jobs identified by the VE. Doc. 13 at 5–6. The Commissioner does not deny that the ALJ's hypothetical failed to include all of Tatum's limitations.

"Nonexertional impairments may or may not affect a person's capacity to carry out the primary strength requirements of jobs, and they may or may not significantly narrow the range of work a person can do." *Titles II & XVI: Capability to Do Other Work-The Medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15 (S.S.A. 1985). SSR 85-15 lists "Environmental Restrictions" as a nonexertional impairment and explains:

> A person may have the physical and mental capacity to perform certain functions in certain places, but to do so may aggravate his or her impairment(s) or subject the individual or others to the risk of bodily injury. Surroundings which an individual may need to avoid because of impairment include . . . fumes, dust, and poor ventilation.

*Id*. The regulation further states that, "[w]here an individual can tolerate very little noise, dust, etc., the impact on the ability to work would be considerable because very few job environments are entirely free of irritants, pollutants, and other potentially damaging conditions." *Id*. "In order for a [VE's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam).

Here, the VE testified based on a hypothetical that failed to incorporate that Tatum "[w]ould need to avoid all exposure to fumes, odors, dust, gases and pulmonary irritants," as found in the ALJ's RFC. Accordingly, all of Tatum's limitations, as found in the ALJ's RFC, were not incorporated in the hypothetical posed to the VE. *See Lemoine v. Colvin*,

5

No. 1:13CV475-WC, 2014 WL 2968472, at *4–5 (M.D. Ala. July 2, 2014) ("Because the VE testified based on an incomplete hypothetical that failed to properly incorporate all of Plaintiff's limitations as found in the ALJ's RFC, the ALJ could not have relied on the VE's testimony as the VE's testimony was not supported by substantial evidence."). The ALJ's error is not harmless because she relied exclusively on the testimony of the VE to reach this finding.

The Commissioner's assertion that the jobs identified by the VE were not significant for pulmonary irritants exposure fails for two reasons. First, "not significant" exposure to pulmonary irritants does not mean no exposure to all pulmonary irritants. Second, as Tatum highlights, the Commissioner's citation to the DOT regarding tasting/smelling is misleading. In the DOT, tasting/smelling is a physical demand category used when a job requires the ability to "[d]istinguish[], with a degree of accuracy, differences or similarities in intensity or quality of flavors or odors, or recognizing particular flavors or odors, using tongue or nose." U.S. Department of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (SCO), C-4. The fact that table workers, cutter/pasters, or addressers do not require the ability to use the tongue or nose to distinguish odors does not mean Tatum would avoid all exposure to odors, dust, gas, and pulmonary irritants while performing those jobs. Similarly, just because the DOT does not state that the identified jobs have exposure to toxic caustic chemicals does not mean that the job restricts all exposure to all odors, dust, gas, and pulmonary irritants.

The ALJ relied exclusively on the VE to find that Tatum could work as a table worker, cutter/paster, and addresser. R. 47. Because the ALJ relied on the VE's testimony

6

that was based on an incomplete hypothetical to find jobs Tatum can perform, the error was not harmless. *See Dial v. Comm'r of Soc. Sec.*, 403 F. App'x 420, 421 (11th Cir. 2010) ("[W]hile the ALJ could have chosen to rely on the DOT, he instead relied only on the testimony of the VE, who was not instructed on all of [claimant's] limitations. Thus, we cannot say that the ALJ's error was harmless."). The ALJ's fifth-step finding must be based on substantial evidence, and this requires the ALJ to include all of Tatum's impairments and limitations in her determination.

Accordingly, the case must be REVERSED and REMANDED so the ALJ can make this determination.

## V. CONCLUSION

For the reasons above, it is ORDERED as follows:

1. This matter is REVERSED and REMANDED to the Commissioner for additional proceedings consistent with this opinion.

2. A final judgment will be entered separately.

DONE this 19th March, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE